UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                               Case # 18-CR-6089-FPG-JWF

v.

                                           DECISION AND ORDER

ANTHONY E. MCINTYRE,
                             Defendant.

## INTRODUCTION

Defendant Anthony E. McIntyre is charged with several drug and firearms offenses related to a December 1, 2017 traffic stop. ECF No. 20. On October 1, 2018, McIntyre moved to suppress evidence obtained in connection with the stop. ECF No. 26. After an evidentiary hearing, Magistrate Judge Jonathan W. Feldman issued a Report and Recommendation ("R&R") denying McIntyre's motion. ECF No. 42. McIntyre filed an objection, ECF No. 43, and the government responded, ECF No. 45. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of Judge Feldman's R&R and considered the parties' submissions to date. For the reasons stated below, the Court adopts Judge Feldman's R&R denying the motion to suppress.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility

findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## BACKGROUND

The following facts are taken from the record. At approximately 10 p.m. on December 1, 2017, Officers Paul Ricotta and Chad Brady of the Rochester Police Department were patrolling the area around Dewey Avenue. ECF No. 37 at 14. Officer Brady was driving a marked patrol car. *Id.* at 13-14, 24. As they were driving, the officers noticed a black Jeep SUV travelling in the opposite lane. *Id.* at 26-27, 60.

At this point, the officers' testimony diverges in some respects. At the hearing, Officer Brady stated that as the Jeep passed by, he made eye contact with the driver—later identified as McIntyre—who "mouthed" the phrase "oh, shit." *Id.* at 21, 61. Finding this reaction unusual, Officer Brady "[i]mmediately conducted a U turn to see what that was about" and told Officer Ricotta what he had seen. *Id.* at 61, 87. Officer Brady followed the Jeep, which soon made a left-hand turn onto Ravine Avenue. *Id.* at 62. He testified that the Jeep did not initiate a turn signal until it began turning, however. *Id.* at 65. This constitutes a traffic violation under New York law, which requires a driver to signal a turn "at least 100 feet before an intersection." *United States v. Whitaker*, 342 F. Supp. 3d 391, 393 (W.D.N.Y. 2018) (citing N.Y. Veh. & Traf. Law § 1163(b)). After noticing this violation, and as the Jeep was still turning left onto Ravine Avenue, Officer Brady activated his emergency lights to pull the Jeep over. ECF No. 37 at 66. Officer Brady testified that he and Officer Ricotta observed the late turn signal and agreed that a violation had occurred. *Id.* at 87-88.

By contrast, Officer Ricotta testified that, while he noticed the Jeep as it passed the patrol car, he did not observe the driver engage in any furtive behavior. *See id.* at 29-31. Officer Ricotta

stated that Officer Brady did not indicate why he was turning around to follow the Jeep. *Id.* at 31. Officer Ricotta also testified that, while he observed the Jeep activate its turn signal as it was making the left-hand turn onto Ravine Avenue, he did not say anything to Officer Brady about the violation. *Id.* at 17, 36-37.

The events subsequent to the left-hand turn are less significant for present purposes; it suffices to say that when officers attempted to pull McIntyre over, he parked his car in a nearby driveway, exited the vehicle, and fled. *Id.* at 66-68. Officers ultimately apprehended McIntyre, and the Jeep was searched and towed pursuant to department policy. ECF No. 38 at 12-13.

In his motion to suppress, McIntyre challenged the factual basis for the stop. Although he acknowledged that the stop would have been justified if the officers had observed the alleged traffic violation, ECF No. 26 at 6, he averred that he in fact "activated [the] turn signal more than 100 feet before [he] reached the intersection." ECF No. 27 at 2.

In the R&R, Judge Feldman credited the officers' testimony and concluded that there were sufficient grounds for the stop. ECF No. 42 at 9-11. Judge Feldman recognized that the officers' testimony "did not match perfectly," but he declined to infer from those inconsistencies that the officers concocted the basis for the stop. *Id.* at 9. He could discern no reason why Officer Brady would create a false motivation for following the Jeep, given that pretextual justifications do not undermine an otherwise valid stop. *Id.* And notwithstanding the discrepancies, Judge Feldman found the officers' testimony consistent on the critical question of "whether [McIntyre] was observed committing a traffic violation." *Id.* Furthermore, he credited the officers' testimony based on his observations of their demeanor and the fact that they testified—as compared to McIntyre, who did not testify and asserted his opposing facts only by way of affidavit. *Id.* at 9-10. Based on these findings, Judge Feldman recommended that the motion be denied. *Id.* at 11.

**DISCUSSION**

The scope of McIntyre's objection to the R&R is narrow: he argues that Judge Feldman erred when he credited Officer Brady's and Ricotta's testimony that McIntyre committed a traffic violation as he turned left onto Ravine Avenue. He highlights the following considerations to assert that their testimony "fail[s] to create a believable account of the circumstances that occurred immediately prior to the traffic stop." ECF No. 43 at 9. First, Officer Brady's testimony is inconsistent with Officer Ricotta's insofar as Officer Brady stated (1) that he told Officer Ricotta why he was following the Jeep and (2) that both officers discussed the traffic violation before pulling McIntyre over. *Id.* at 2-3, 8. Second, Officer Brady's testimony is inconsistent with his police report, which omits any mention of McIntyre mouthing "oh shit" when he saw the patrol car. *See* ECF No. 37 at 86. Third, Officer Brady's account is "unbelievable" as it is implausible to believe that, on a December night, Officer Brady could have observed McIntyre while "the two cars were passing each other at a differential of 60 miles per hour." *Id.* at 8. Fourth, Officer Ricotta's account defies common sense in that he claims that "when his partner abruptly made a U-turn in the middle of an intersection without saying a word, he simply sat there silently and waited for the Jeep . . . to commit a traffic violation." *Id.*

McIntyre contends that these considerations, when taken together, call into question "the entirety of Brady and Ricotta's account" of the relevant events. *Id.* at 9.

The Court disagrees and finds Judge Feldman's credibility analysis reasonable and persuasive. As Judge Feldman stated, the officers' testimony was consistent on the critical issue: that McIntyre committed a traffic violation by failing to activate his turn signal before turning. McIntyre concedes as much. *See id.* at 3. The minor inconsistencies between their accounts— which merely concern whether the officers made a few passing comments to each other in the

moments before the stop—are inconsequential by comparison. *See United States v. Martinez*, 992 F. Supp. 2d 322, 334 (S.D.N.Y. 2014) (concluding that "discrepancies concerning collateral matters" did not render agents' testimony "inherently incredible"). The same goes for the inconsistency between Officer Brady's testimony and his police report.

Furthermore, the Court is not convinced that the officers' accounts are so facially implausible as to render Judge Feldman's credibility finding erroneous. To be sure, the Court agrees that it may be difficult for a person to observe a driver passing in the opposite lane— particularly at night in December. But Officer Brady testified that there are overhead lights in that area, ECF No. 37 at 82, and he claimed to have only seen McIntyre for a brief moment as they made eye contact and McIntyre uttered "oh shit." A momentary observation of that caliber is not so beyond the realm of possibility as to render Officer Brady's testimony facially implausible. Similarly, the Court finds nothing implausible about Officer Ricotta's testimony that he did not immediately question Officer Brady once they began following the Jeep.

At bottom, Judge Feldman was confronted with run-of-the-mill credibility issues, where the testimony of the witnesses was consistent in some respects and inconsistent in others. He reasonably navigated this thicket, considering the officers' demeanor, the nature and significance of the inconsistent testimony as compared to the consistent testimony, and the inherent plausibility of their accounts. McIntyre has not given the Court convincing reasons to upset these credibility determinations. To the contrary, the Court is persuaded by Judge Feldman's analysis and adopts it in full.

Considering Officer Brady's and Officer Ricotta's testimony, there were sufficient grounds to stop McIntyre's vehicle on December 1, 2017. *See Whitaker*, 342 F. Supp. 3d at 393-94.

Accordingly, and finding no other error in the R&R, the Court denies McIntyre's motion to suppress.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Feldman's R&R (ECF No. 42) in all respects. McIntyre's motion to suppress (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated: July 17, 2019
   Rochester, New York

           _____
           HON. FRANK P. GERACI, JR.
           Chief Judge
           United States District Court