UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

             v.

ANTHONY E. MCINTYRE,

                              Defendant.
_____

DECISION AND ORDER

18-CR-6089L

Defendant Anthony E. McIntyre ("McIntyre") was convicted after trial of narcotics offenses and being a felon in possession of a firearm. On January 23, 2020, this Court sentenced McIntyre principally to a term of 86 months imprisonment, which he is presently serving at Lewisburg USP. McIntyre still has approximately 3 years left to serve on the sentence.

McIntyre has appealed his conviction and it remains pending before the United States Court of Appeals for the Second Circuit. Because of that appeal, this Court lacks jurisdiction to entertain motions on the case.

McIntyre, through counsel, has filed a motion (Dkt. #123) for an Indictive Ruling. Counsel moves pursuant to Fed. R. Crim. P. 37(a) and asks this Court to issue an "indictive ruling" that the Court would grant a sentence reduction for compassionate release under 18 U.S.C. § 3582(c) if the Court of Appeals were to remand the case solely for that purpose. Rule 37 provides the Court with several options on motions filed while an appeal is pending. The Court could defer ruling in the motion for compassionate release, render an "indicative ruling" that it would grant the motion, or it could simply deny the motion on the merits.

The Government has filed a Response (Dkt. #128) to the motion urging the Court, pursuant to Fed. R. Crim. P. 37(a) to deny the motion. The Probation Department for the Western District of New York has filed its Report (Dkt. #129) relative to McIntyre and the status of matters at Lewisburg USP.

After considering the pleadings, and authority pursuant to 18 U.S.C. § 3582(c), the sentencing factors under 18 U.S.C. § 3553(a), I elect, pursuant to Fed. R. Crim. P. 37(a), to deny the motion for compassionate release.

Although McIntyre has apparently exhausted his administrative remedies as required by statute, it does not appear that he is entitled to the release that he seeks. First of all, the motion is based on the serious COVID-19 pandemic which has affected the public and certainly inmates for the past year. Simply because there is the pandemic, though, does not warrant, by itself, the release of inmates sentenced for serious crimes to significant terms of imprisonment. The test is whether the inmate has established extraordinary and compelling reasons for a sentence reduction and the burden is on the inmate.

After reviewing all the factors, I believe McIntyre has failed to establish extraordinary and compelling reasons for his early release. McIntyre is relatively young, 38 years old, and is classified at the Bureau of Prisons at the lowest medical care level: Level 1. According to the Probation Report, in the original Presentence Report, McIntyre himself reported that he is in good health with only minor medical problems, including high blood pressure, which is treated with medication. That Report, as well as the Government's Response, also indicates that McIntyre declined to receive the COVID-19 vaccine on January 25, 2021, when it was offered to him at the facility.

In his present motion, McIntyre contends that he is obese and has hypertension. It does appear that McIntyre has gained some weight while incarcerated. That weight gain is of course

something McIntyre can control. There apparently have been times when McIntyre's blood pressure has spiked, but it appears to be readily controlled with medication, which he is now consistently receiving. In sum, after reviewing the papers and the medical records that have been provided, it does not appear that McIntyre has established that his medical condition is so dire that he has established extraordinary and compelling reasons for early release. In addition, it is not apparent why McIntyre refused to take the vaccine if he was truly concerned that his health might be compromised at the institution. Vaccines have been deemed to be safe and effective and although an inmate is not required to take a vaccine, that declination is a factor for this Court to consider as to whether the inmate has established extraordinary and compelling reasons for release from prison.

The facility where McIntyre is housed has had a significant number of inmates test positive for the virus. According to the Report from Probation, all have recovered and there have been no inmate or staff deaths. It also appears that the Bureau of Prisons is taking steps daily to deal with the virus in the prison setting.

The Court must also consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether this defendant should receive early release. The Government suggests, and this Court agrees, that McIntyre does not fare well under this test either. He has a lengthy criminal record involving narcotics and several firearms violations. He was previously convicted of being a-felon-in-possession in 2007 and yet, once again, was convicted and is now sentenced again on that same charge. He also violated the terms of supervised release on that initial conviction.

## CONCLUSION

Pursuant to Fed. R. Crim. P. 37(a), the Court denies Anthony McIntyre's request for an indicative ruling that the Court would grant defendant's motion for compassionate release pursuant

to 18 U.S.C. § 3582(c).  Rather, pursuant to Fed. R. Crim. P. 37(a), the Court hereby DENIES McIntyre's motion for compassionate release pursuant to 18 U.S.C. § 3582(c).

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 17, 2021.